UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUSTIN TELTOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 1:09-CV-415-WTL-TAB |
| ) | |
| MICHAEL LEPPER and ) | |
| CITY OF INDIANAPOLIS, ) | |
| ) | |
| Defendant. ) | |

**Defendant City of Indianapolis's Brief in Support of Motion to Dismiss**

Plaintiff brings an action against the City of Indianapolis ("the City") and Officer Michael Lepper alleging various violations of Plaintiff 's civil rights under the U.S. Constitution. However, Plaintiff's allegations do not establish a plausible federal claim against the City of Indianapolis of an unconstitutional custom, policy, or practice. Therefore, pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE, dismissal of the City as a party is proper.

**I. Motion to Dismiss Standard**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). For purposes of this motion and supporting brief, the Defendant neither confirms nor denies the allegations contained in the Complaint, but for a Rule 12(b)(6) motion all well-pleaded, nonconclusory, factual allegations are presumed to be true and are viewed in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. ___ (2009) (available at 2009 U.S. LEXIS 3472, *29-30, 32). However, courts are not required to accept as true legal conclusions couched as conclusory factual assertions. *Id*. at *29.

Rule 8(a) requires any pleading stating a claim for relief to include "a short plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8(a)(2) requires that "[f]actual allegations must be enough to raise a [plaintiff's] right to relief above the speculative level" and the complaint must allege enough facts to show relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Supreme Court has noted that two "working principles" underlie their decision in *Twombly*: (1) that conclusory statements and legal conclusions—as opposed to factual allegations—need not be accepted as true; and (2) that only a plausible claim to relief may survive a motion to dismiss. *Iqbal*, 2009 U.S. LEXIS 3472 at *29-30.

*Twombly* and *Iqbal* identify a "two-pronged approach" to reviewing the sufficiency of a pleading. *Id*. at *31. The first step is to identify those factual allegations in the complaint entitled to an assumption of truthfulness. *Iqbal*, 2009 U.S. LEXIS 3472 at *28-32. This Court must accept as true only "well-pleaded, nonconclusory factual allegations;" legal conclusions and conclusory statements are not accepted as true. *Id.* at *29-30, 32. The second step in the analysis is to review only those factual allegations properly taken as true and then determine if they plausibly suggest an entitlement to relief. *Id.* at *32, 34; *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (A plaintiff's complaint must not only describe the claim in sufficient detail to give a defendant fair notice of the claim, but must also describe the grounds upon which it rests and its allegations must plausibly suggest that a plaintiff has a right to relief.)

## II. The Complaint Does Not Allege That The City Maintains An Unconstitutional Policy, Practice, Or Custom

Defendant City of Indianapolis is entitled to dismissal of all claims as Plaintiff's factual allegations do not establish a claim that the City maintained a custom, policy or practice which resulted in a constitutional deprivation. *See Monell v. New York City Dep't of Social Services*,

436 U.S. 658, 690-91 (1978).  Municipalities cannot be vicariously liable for the actions of their employees under section 1983.  *Id*.  Instead, a plaintiff must state a *Monell* claim under 42 U.S.C. section 1983 to establish liability.  *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008); *see also Monell,* 436 U.S. at 690-91.  In order to state a *Monell* claim, the Plaintiff must plead facts that if proven would establish one of three ways in which the governmental unit may violate federal constitutional rights:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law'; or (3) an allegation that the constitutional injury was caused by a person with 'final policymaking authority.'

*McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (citing *Baxter by Baxter v. Vigo County School Corp*., 26 F.3d 728, 734-35 (7th Cir. 1994)).  To be liable a government entity's official policy or custom must be the source or "moving force behind" the alleged constitutional deprivation.  *Grieveson*, 538 F.3d at 771.

Here, Plaintiff does not even attempt to allege that the City has an unconstitutional custom, policy or practice.  Plaintiff alleges that he was protesting at the Indy Pride Festival and two Indianapolis Metropolitan Police Department Officers named "Lepper and Drane" approached him and ordered him to remove "the stick off the sign that he was hold[ing.]"  (Dkt. 1; Complaint ¶¶ 1, 4, 10.)  Plaintiff asked whether Officer Lepper could "cite the Ordinance of the Law" requiring the stick be removed.  (Complaint ¶ 11.)  Officer Lepper then demanded identification.  (Complaint ¶ 11.)  Plaintiff responded "that he would identify himself if Defendant Lepper could cite the alleged Ordinance that Plaintiff was in violation of."  (Complaint ¶ 12.)  Officer Lepper then allegedly claimed to be the law and threatened to break

3

Plaintiff's sign. (Complaint ¶ 13.) Thereafter, the officer grabbed the sign, "laid it on the ground and snapped the handle stick off the sign." (Complaint ¶¶ 13-14.)

These allegations do not constitute a *Monell* claim against the City. Plaintiff does not allege that Officers Lepper or Drape were acting pursuant to a policy of the City. *See Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (no well-pleaded factual allegations plausibly establish the existence of an *express* "policy [which] explicitly violates a constitutional right when enforced.") Plaintiff also cannot prove an unconstitutional custom or practice based on a single deprivation. *Id.* at 380; *see also Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). The only allegations specifically involving the City are statements that the officers were employed by IMPD and that the "City blocked off" the street for the festival. (Complaint ¶¶ 6, 10.) None of these statements allege an unconstitutional custom, policy or practice.

If anything, Plaintiff is alleging that the officers were not acting pursuant to a City policy because he specifically refused to cooperate with the officers unless the officers could cite an ordinance supporting their requests. (Complaint ¶ 11.) Thus, the Complaint offers no well-pleaded factual allegations which would plausibly establish a *Monell* claim against the City. *See Iqbal*, 2009 U.S. LEXIS 3472 at *36-37. Without factual support which would plausibly establish a *Monell* claim, the City is entitled to dismissal.

### III. Conclusion

Wherefore, the Defendant City of Indianapolis respectfully requests that this Court GRANT dismissal in its favor on all of Plaintiff's claims and for all other just and proper relief in the premises.

Respectfully submitted,

s/ Justin F. Roebel
Justin F. Roebel (23725-49)
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968
E-Mail: jmayes@indygov.org

Attorney for Defendant City of Indianapolis

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the foregoing was filed electronically on August 28, 2009.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy was also sent on this date by U.S. mail, first class, postage prepaid, to the individual listed below.

Austin Teltoe
1725 S. Randolph Street
Indianapolis, IN 46203

s/ Justin F. Roebel
Justin F. Roebel (23725-49)
Assistant Corporation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968