UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AUSTIN TELTOE, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )  No. 1:09-cv-415-WTL-TAB |
| | ) |
| MICHAEL LEPPER, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion to Dismiss**

Austin Teltoe brings this action based on his claim that police officers of the City of Indianapolis took a protest sign from him during the Indy Pride parade. The City of Indianapolis ("the City"), which is one of the defendants, seeks dismissal of the claims against it, arguing that the complaint fails to state a claim upon which relief can be granted.

Whereupon the court, having considered the complaint, the City's motion to dismiss, Teltoe's response, the City's reply, and being duly advised, now finds that the motion to dismiss must be **granted.** This conclusion is based on the following facts and circumstances:

1.      The City argues that Teltoe's complaint against the City fails to state a claim upon which relief can be granted. Dismissal on this basis is authorized by Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

2.      *Bissessur v. The Trustees of Indiana University,* 581 F.3d 599 (7th Cir. 2009), discusses the current state of the standard for determining whether a complaint states a claim upon which relief can be granted following *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint must always allege enough facts to state a claim to relief that is plausible on its face. To avoid dismissal, the allegations must plausibly suggest that the plaintiff has a right to relief.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bissessur,* 581 F.3d at 602 (citing *Ashcroft* and *Bell Atlantic Corp.*). To avoid dismissal, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007).

3.     Teltoe brings this action pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978).

4.     A municipal entity such as the City of Indianapolis is a "person" subject to suit under 42 U.S.C. § 1983 only where the constitutional violation resulted from a municipal policy, custom, or practice. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "A plaintiff may demonstrate an official policy through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 514-15 (7th Cir. 2007)(citing *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007)).

5.     Because Teltoe has not alleged that the City maintained a custom, policy, or practice that led to the alleged violation of his constitutional rights, the complaint does not state a plausible claim against the City. His opposition to the City's motion to dismiss focuses on the fact that Officer Lepper, who is also a defendant in this action, acted under color of state law. That is not disputed here, and is not sufficient to support a claim of municipal liability under *Monell.* Accordingly, the City's motion to dismiss (dkt 10) is **granted.**

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 11/06/2009

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jmayes@indygov.org

Justin F. Roebel
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jroebel@indygov.org

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com

Austin Teltoe
1725 S. Randolph Street
Indianapolis, IN 46203